```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
SUE LONDON,                         :
                                    :
                    Plaintiff,      :    10 Civ. 4048 (RJS)(THK)
                                    :
        -against-                   :
                                    :    REPORT AND RECOMMENDATION
                                    :
NEW YORK CITY OFF TRACK BETTING     :    (Pro Se)
CORP.,                              :
                                    :
                    Defendant.      :
------------------------------------X
```

**TO: HON. RICHARD J. SULLIVAN, UNITED STATES DISTRICT JUDGE.**
**FROM: THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

Plaintiff Sue London, proceeding pro se, brings this employment discrimination action against her former employer, the New York City Off Track Betting Corporation ("Defendant"), alleging disability discrimination and unlawful retaliation. The case has been referred to this Court for general pretrial supervision. For the reasons that follow, the Court respectfully recommends that the Complaint be dismissed without prejudice for failure to timely effect service of process.

## DISCUSSION

Plaintiff filed the Complaint on May 17, 2010. On June 23, 2010, this Court entered an Order instructing Plaintiff that she was responsible for arranging to promptly serve Defendant with a summons and copy of the Complaint. The Order further set forth the time limit of 120 days for service established by Rule 4(m) of the Federal Rules of Civil Procedure. It stated, "if service is not

COPIES MAILED
TO COUNSEL OF RECORD ON 10/21/10

made upon the defendant by September 14, 2010, and you have not shown good cause for such failure to serve, I will recommend to Judge Sullivan that the action be dismissed." (Order, dated June 22, 2010.) The Order explained that assistance was available from the Pro Se Office of this Court. On June 28, 2010, a service package was sent to Plaintiff by the Pro Se Office. That package again provided Plaintiff with notice of her obligation to serve Defendant within 120 days, as well as instructions on how to effect service. On September 9, 2010, in response to a letter from Plaintiff, the Court extended the service deadline to October 14, 2010, again reminding Plaintiff that if she failed to effect service by that date I would recommend that the action be dismissed.

Notwithstanding the extension of time granted to Plaintiff, proof of service has still not been filed with the Court. Moreover, the Court has confirmed with the Marshal's Service that Plaintiff has not even provided it with the completed service forms, so that it could attempt to effect service.

Rule 4(m) provides that if a defendant is not served within 120 days after the complaint is filed, "the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against the defendant . . . . " Fed. R. Civ. P 4(m). The rule thus authorizes <u>sua sponte</u> dismissal for

failure to serve, provided the plaintiff has received notice of that possibility. See Thompson v. Maldonado, 309 F.3d 107, 110 (2d Cir. 2002) (explaining that a plaintiff must be given notice prior to sua sponte dismissal pursuant to Rule 4(m)); Allan v. City of New York, 386 F. Supp. 2d 542, 547 (S.D.N.Y. 2005) ("[A] court may, sua sponte, dismiss a complaint for failure to serve process, provided that the plaintiff is given notice . . . ."); accord Gustaff v. MT Ultimate Healthcare, No. 06 Civ. 5496 (SLT) (LB), 2007 WL 2028103, at *2 (E.D.N.Y. June 21, 2007).

The Court's June 23 and September 9 Orders expressly notified Plaintiff that the Court would recommend dismissing this case if she failed to serve Defendant, first by September 14 and then by October 14. The service package sent to Plaintiff reiterated that warning. Because service has not been completed within the 120-day deadline set forth in Rule 4(m), or by the 30-day extension of that deadline, and Plaintiff has not even taken the minimal steps required to allow the Marshal's Service to effect service, the Court respectfully recommends that the Complaint be dismissed without prejudice, pursuant to Rule 4(m), Fed. R. Civ. P.

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, Plaintiff shall have fourteen (14) days from service of this Report to file written objections and show cause why this action should not be dismissed. Such

3

objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Richard J. Sullivan, United States District Judge, and to the chambers of the undersigned, Room 1660. Any requests for an extension of time for filing objections must be directed to Judge Sullivan. Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140, 145, 106 S. Ct. 466, 470 (1985); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

Respectfully submitted,

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: October 21, 2010
       New York, New York

Copy mailed to:

Sue London
363 East 76th Street
New York, NY 10021

4