UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUE LONDON,

                              Plaintiff,

-v-

NEW YORK CITY OFF TRACK BETTING CORP.,

                              Defendant.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/17/10

No. 10 Civ. 4048 (RJS) (THK)

ORDER ADOPTING REPORT AND
RECOMMENDATION

RICHARD J. SULLIVAN, District Judge:

    On May 17, 2010, Plaintiff Sue London, who is proceeding *pro se*, filed a complaint against Defendant New York City Off Track Betting Corp., alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the New York State Human Rights Law, N.Y. Exec. Law. § 290 *et seq.* The Court referred this matter to the Honorable Theodore H. Katz, Magistrate Judge, on June 15, 2010. In an Order dated June 22, 2010, Judge Katz required Plaintiff to serve Defendant by September 14, 2010 and warned Plaintiff that if she did not serve Defendant by that date, he would recommend to this Court that her action be dismissed, absent good cause for her failure to timely effect service. A copy of this Order was mailed to Plaintiff. On June 28, 2010, a service package was mailed to Plaintiff.

    On September 8, 2010, Plaintiff submitted a letter to Judge Katz stating that Defendant had initiated a bankruptcy proceeding and seeking advice about how she should proceed. In an Order dated September 8, 2010, Judge Katz again informed Plaintiff that she "must serve the Defendants, regardless of any alleged bankruptcy." However, he extended the deadline for service to October 14, 2010. A copy of Judge Katz's Order was sent to Plaintiff. On October 14, 2010, Plaintiff wrote another letter to Judge Katz, seeking pro bono counsel. In an Order dated October 19, 2010, Judge Katz denied this request, as the Complaint had not yet been served and the deadline for service had passed.

On October 21, 2010, Judge Katz issued a Report and Recommendation (the "Report"), recommending dismissal under Rule 4(m) of the Federal Rules of Civil Procedure. He made this recommendation because, despite repeated reminders to Plaintiff, "service ha[d] not been completed within the 120-day deadline set forth in Rule 4(m), or by the 30-day extension of that deadline, and Plaintiff ha[d] not even taken the minimal steps required to allow the Marshal's Service to effect service." (Report at 3.) In the Report, Judge Katz advised the parties that failure to file timely objections within fourteen days from service of the Report would constitute a waiver of those objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). No party has filed objections to the Report, and the time to do so has expired. *Cf. Frank v. Johnson*, 968 F.2d 298 (2d Cir. 1993).

When no objections to a report and recommendation are made, the Court may adopt the report if there is no clear error on the face of the record. *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005); *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000). After conducting a thorough review of the record, the Court finds that Judge Katz's well-reasoned and persuasive Report is not facially erroneous. Accordingly, the Court adopts the Report in its entirety. For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Complaint is dismissed without prejudice for failure to timely serve Defendant.

SO ORDERED.

Dated:      November 16, 2010
            New York, New York

                                        RICHARD J. SULLIVAN
                                        UNITED STATES DISTRICT JUDGE

Copy mailed to:

Sue London
363 East 76th Street
New York, NY 10021